IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-CR-00020-M-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| WELDON MOTIC JACKSON, | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [DE 57]. The court will liberally construe the motion as one arising under § 3582(c)(1)(A) because Defendant has not cited any change (retroactive or otherwise) in the Sentencing Guidelines as required by § 3582(c)(2). Even with that liberal construction, the court finds that Defendant has failed to present an extraordinary and compelling reason for a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). For that reason, Defendant's motion is denied.

I. **Abbreviated Factual and Procedural History**

On March 5, 2020, a grand jury in the Eastern District of North Carolina returned a three-count indictment against Defendant. DE 1. Count One charged Defendant with possession with the intent to distribute a quantity of heroin, a quantity of cocaine base (crack), and a quantity of marijuana. *Id.* at 1. Count Two charged Defendant with possession of a firearm in furtherance of a drug trafficking crime. *Id.* Count Three charged Defendant with possession of a firearm by a convicted felon. *Id.* at 2. A few months later, Defendant entered into a written plea agreement as to Counts One and Three of the Indictment. DE 27 at 1.

1

After Defendant entered a plea of guilty to Counts One and Three, the United States Probation Office prepared a presentence investigation report (PSR), which reflected Defendant's designation as a career offender. DE 32 at 12-13.[1] Defendant did not raise any objection to the PSR. *Id.* at 16; DE 47 at 4 (Sentencing Hearing Transcript). In early 2021, this court sentenced Defendant to 154 months of imprisonment followed by three years of supervised release. DE 47 at 31-32.

Defendant timely appealed his conviction. DE 42. But his appeal targeted a condition of supervised release, not his career offender designation. DE 48 at 2. After briefing, the United States Court of Appeals for the Fourth Circuit issued an unpublished opinion affirming Defendant's final judgment. *Id.* at 6. Thereafter, Defendant did not file any motion seeking habeas relief. *See* Docket Entries dated January 3, 2023, to present.

On November 21, 2024, Defendant filed the instant motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). DE 57. His motion contends that his sentence should be reduced because, at the time of sentencing, his two prior drug convictions under New York state law were not proper predicate offenses that could be used to classify him as a career offender. *Id.* at 2-3. Specifically, Defendant argues that, "[b]ecause hCG [wa]s included in New York's list of covered compounds" at the time of his sentencing, the two New York statutes he was convicted under are not valid as predicate offenses because they criminalize more conduct than their federal "analog," the Controlled Substances Act (CSA). *Id.* at 3.

The United States responded to Defendant's motion, asserting that, although the United States Sentencing Commission has advised that certain changes in the law may constitute an extraordinary and compelling reason to reduce a defendant's sentence, Defendant has not set forth

---

[1] A defendant's sentence may be enhanced by a career offender designation under U.S.S.G. § 4B1.1(b)(3) where he has at least two prior convictions of a controlled substance offense. DE 32 at 12-13.

2

a valid reason to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) because there had been no change in law that would reduce his guidelines sentencing range. DE 65 at 3. Defendant filed a reply, in which he raised the same argument that no sentencing enhancement should have been applied to him in the first instance because his prior convictions under New York law were not proper predicate offenses that could be used to classify him as a career offender. *See generally* DE 66. Defendant's motion is fully briefed and ready for decision.

## II.     Analysis

Although Defendant styles his motion as one arising under 18 U.S.C. § 3582(c)(2), the motion's substance arguably implicates the validity of his original sentence by calling into question the use of his previous convictions as predicates for a sentencing enhancement. *See* DE 57 at 5 (contending that "a sentencing enhancement under § 4B1.1 should not have occurred in this case"), 6 ("the district court should not have applied the career enhancement"), 8 ("[t]he district court erred in treating [certain] prior convictions [as] predicate offenses under §4B1.1"). The Fourth Circuit has held that a defendant may not collaterally attack his conviction or sentence through a compassionate relief motion. *See United States v. Ferguson*, 44 F.4th 262, 265 (4th Cir. 2022). Notwithstanding this substantial procedural obstacle, the court will assess Defendant's motion as one arising under the compassionate release statute.[2]

That statute provides that, in the ordinary course, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule permits a court, "after considering the factors listed in § 3553(a)," to reduce a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In other words, "[w]hen

---

[2] This generous treatment of Defendant's motion avoids a host of other potential issues, including the appellate waiver in Defendant's plea agreement, forfeiture, timeliness, and procedural default.

3

the [Sentencing] Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010).

Defendant has not demonstrated entitlement to any relief under Section 3582(c)(2). In that regard, he raises no argument that the sentencing range to which he was subject "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Rather, he contends that his original sentencing range was attributable to a legal error: the use of predicate offenses that he alleges do not meet the definition of a controlled substance offense within the meaning of the career offender Guideline. *See* DE 57 at 6-8 (arguing that this court "should not have applied the career enhancement" because Defendant's prior drug offenses under state law were "inapplicable predicate offenses"). This argument is not the province of Section 3582(c)(2); without any retroactive amendment to the Sentencing Guidelines, this court is without authority "to reduce an otherwise final sentence." *Dillon*, 560 U.S. at 821.

Documents filed pro se, however, are to be "liberally construed" and "must be held to less stringent standards than" those filed by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under the most charitable reading of his motion for a sentence reduction, Defendant plausibly raises the argument that he is entitled to relief from this court because some courts outside of the Fourth Circuit would not have treated his prior convictions as career offender predicates. *See* DE 57 at 8. As a consequence, Defendant may have received a significantly lower sentence had he been sentenced in another district court, and he contends that such disparate treatment amounts to an extraordinary and compelling reason that warrants a reduction in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant cites *United States v. Townsend*, in which the Second Circuit held

4

that a defendant's previous drug offenses under New York law did not qualify as career offender predicates because the state law "included HCG as a Schedule III controlled substance," whereas "HCG is not a controlled substance under the CSA." *United States v. Townsend,* 897 F.3d 66, 75 (2d Cir. 2018). Put another way, because the New York law "swe[pt] more broadly than its federal counterpart," the defendant's "prior New York state conviction" could not "be a predicate offense" under the Sentencing Guidelines. *Id.*

In responding to Defendant's motion, the United States cites *United States v. Ward.*[3] In that decision, the Fourth Circuit took a contrary view to that of the Second Circuit and held that career offender predicate offenses are not limited to state laws that criminalize controlled substances to the same extent as their federal counterpart. *See United States v. Ward*, 972 F.3d 364, 372-73 (4th Cir. 2020). So long as the state law prohibits the distribution "of a controlled substance" and a violation of the law is "punishable by imprisonment for a term exceeding one year," the state law qualifies as a career offender predicate even if the "law prohibits a broader set of substances than federal law." *Id.* at 370-72. Therefore, while Defendant's prior convictions qualify as proper predicates for his sentencing enhancement in the Fourth Circuit, he has a stronger argument that those same convictions would not qualify in the Second Circuit. Reading Defendant's motion in the light most favorable to him, this disparity is alleged to constitute an extraordinary and compelling reason for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A).

There is a two-step process for determining whether extraordinary and compelling reasons for a reduced sentence exist under 18 U.S.C. § 3582(c)(1)(A). First, a court must determine that a defendant is eligible for a sentence reduction by "finding [] that such a reduction is warranted by extraordinary and compelling reasons." *United States v. Hargrove*, 30 F.4th 189, 194-95 (4th Cir.

---

[3] The Fourth Circuit issued its decision in *Ward* approximately five months before Defendant's sentencing hearing. *See* DE 39 (Minute Entry).

5

2022). Second, a court must decide whether to exercise its discretion to reduce the defendant's term of imprisonment by considering the § 3553(a) sentencing factors to the extent that they are applicable. *Id.* at 195.

At step one, the court must also find that a sentence reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). The United States Sentencing Commission recently promulgated amendments to Guideline § 1B1.13(b) which outline "the contours of 'extraordinary and compelling' reasons." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). But this list is non-exhaustive, and a district "[c]ourt has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024); *cf. Concepcion v. United States*, 597 U.S. 481, 494 (2022) ("The only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution.").

Defendant's argument falters at the first step of the analysis; he has not identified an extraordinary or compelling reason that would warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). His motion, construed liberally, proposes that the split between the Fourth and Second Circuits regarding predicate offenses warrants a reduction in his sentence because he may have received a lower sentence had he committed the crimes for which he is currently serving a sentence within the Second Circuit. At the outset, this argument does not meet any of the circumstances identified by the Sentencing Commission in Section 1B1.13(b). *See* U.S.S.G. § 1B1.13(b)(1)-(6); *Kibble*, 992 F.3d at 331. And although the court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise," *Hall*, 2024 WL 1485724, at

6

*1, there is nothing extraordinary and compelling about the notion that "courts nationwide" may "offer somewhat different interpretations as to" issues of law. *Abusamhadaneh v. Taylor*, No. 1:11-CV-939, 2013 WL 193778, at *15 (E.D. Va. Jan. 17, 2013). The "circuit courts" that "consider" an "issue" regularly "have reached different conclusions." *Carlson v. U.S. Dep't of Health & Hum. Servs.*, 879 F. Supp. 545, 547 (D. Md. 1995).

Here, Defendant is serving a sentence for offenses committed within the Fourth Circuit. As a result, Fourth Circuit law governs his post-conviction proceedings; this court was and remains bound to apply *Ward*. *See Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (emphasizing that "the decisions of the circuit courts of appeals bind the district courts"); *Etheridge v. Norfolk & W. Ry. Co.*, 9 F.3d 1087, 1090 (4th Cir. 1993) ("A decision of a panel of" the Fourth Circuit "becomes the law of the circuit and is binding"). Therefore, Defendant has failed to identify an extraordinary and compelling reason for a sentence reduction.

### III.     Conclusion

Defendant has not offered any grounds for relief under either Section 3582(c)(1) or Section 3582(c)(2). For that reason, Defendant's motion [DE 57] is DENIED.

SO ORDERED this 23d day of May, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE